## PATRICK B. SHIEL
### v.
## CITY OF CHICAGO.

*Municipal Corporations—Primary Elections—Judges of Election—Compensation of.*

This court holds that there can be no recovery from a municipality for services rendered as a judge at a primary election.

[Opinion filed December 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD C. CLIFFORD, Judge, presiding.

Messrs. S. S. GREGORY and W. C. NIBLACK, for appellant.

Messrs. JONAS HUTCHINSON and MORRIS St. P. THOMAS, for appellee.

Shiel v. City of Chicago.

GARY, J.   By the act of June 19, 1885, relating to elections in cities, villages and incorporated towns, provisions are made for the appointment of judges of election at the respective election precincts, who are compelled to serve for one year under a penalty for refusal.   They are to be paid by the county $3 per day for their services.   The act also provides for election commissioners (who select the judges), and that their expenses shall be paid by the city.

By the first section of an act of June 6, 1889, concerning primary elections, it is enacted, " That all elections hereafter to be holden by any voluntary political association or party, for any candidate for any office, or for any delegates or managing committee, or for the nomination of candidates for public office" shall, under certain circumstances, be held under the provisions of that act.   By another section the judges of such election are to be selected from the list of regular election judges.   By a fair construction of sections 11 and 12, of article 2 of the first act, in connection with the first section in part copied above, the latter does not provide for more than three different political associations or parties in a city, village or town.

The appellant served October 28, 1889, as judge at such primary election, being one of, and selected from, the list of regular election judges.   He asks the county of Cook or the city of Chicago to pay him, and the question is, is either liable?   The act of 1889 has no provision making service as judge of a primary election compulsory.   It provides for filling a vacancy in case of refusal.   The service seems to be voluntary.

If there were explicit provisions in the act of 1889, by which the county or city were made responsible for the expenses of keeping up party machinery, a question would arise under Art. 9 of Sec. 9 of the Constitution, which this court would not have jurisdiction to determine.   As was said in Taylor v. Thompson, 42 Ill. 9:   " In a community, for example, composed of various religious sects, it could hardly be contended that a tax levied upon all, to build a church or support a clergyman for the benefit of a particular denomina-

tion, was a tax for a corporate purpose." Is it more a corporate purpose to fill the offices in party organizations?

If the acts are to be construed as imposing upon the county or city the expense of a primary election for the nomination of delegates to a convention to select candidates of the party for a public office, then the county or city must also bear the expenses of elections of chairmen, secretaries, treasurers, committeemen, etc., as often as the committee in charge of the party may choose to have such elections. It will be time enough to impute such an intention to the Legislature when they have said that they mean it.

The judgment of the Circuit Court sustaining a demurrer to the declaration of the appellant is affirmed.

*Judgment affirmed.*

MORAN, P. J. I am unable to concur in the conclusions reached in this case by a majority of the court.

The primary election law imposes upon such judges of election as shall be selected for that purpose, the duty of serving as judges at primary elections. The general election law provides that judges of election shall be paid at the rate of $3 per day. It is a fair and just construction to say that the additional day's service which the primary law imposes upon them should be paid at the same rate. Primary elections have grown to be intimately related to regular elections in our governmental system. Party organization is necessary for the purpose of carrying political principles into operation, and political policies into statutory enactments, wherever there is government by the people. If honest regular elections are essential and desirable, and expense incurred to that end is for a governmental or corporate purpose, why is not the protection of primary elections, and the promotion of their purity and regularity also a corporate purpose? The purpose of elections is to allow an expression of their choice by the people, as between policies or individuals. Is not such an expression often prevented, and reforms that are desirable and even necessary, defeated, by dishonest manipulation of the voter at primary elections? Whatever tends to secure the fairest and

truest expression of the will of the majority, may receive legal aid and sanction, as being governmental.

The law makers have determined the policy of the legislation, and the legislative intent is sufficiently clear that judges of election, who serve under the law at primary elections, shall be paid for such service.